## MANLEY v. STATE.
### No. 15067.

Court of Criminal Appeals of Texas.
Feb. 17, 1932.

Earl M. Greer, of Wills Point, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, possessing intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## COOPER et al. v. STATE.
### No. 15110.

Court of Criminal Appeals of Texas.
Feb. 17, 1932.

Baskett & DeLee, of Dallas, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

The record seems to have reference to a bond forfeiture.

The transcript contains the following: An indictment against V. E. Cooper, an appearance bond which purports to have been executed by him as principal, and by Mayr and O'Connor as sureties; a scire facias citation, and an alias scire facias citation, in which it is recited that a judgment nisi forfeiting the bond had been taken; the answer of the sureties; and the certificate of the clerk that the foregoing was a full, true, and correct transcript of the proceedings. The transcript does not contain a judgment nisi, nor any judgment making the forfeiture final. There appears no notice of appeal. If, indeed, nothing else transpired than as shown from the transcript, there was nothing to appeal from. We cannot dismiss the appeal because none appears to have been taken.

The cause is ordered stricken from the docket.